IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ROBERT F. ROOD, IV           :
_____
ROBERT FULTON ROOD, IV,             :
CHARLES TIMOTHY JEWELL, and
NIK HEPLER                          :

        Appellants                  :

    v.                              :   Civil Action No. DKC 11-3059

                                    :

GARY A. ROSEN, et al.               :

        Appellees                   :

                                    :

**MEMORANDUM OPINION AND ORDER**

Appellants Robert Fulton Rood, IV, Charles Timothy Jewell, and Nik Hepler noted separate appeals from a final judgment entered against them by United States Bankruptcy Judge Paul Mannes in an adversary proceeding filed by Appellees Southern Management Corporation Retirement Trust and Gary A. Rosen, the Chapter 7 trustee in Mr. Rood's bankruptcy case. The cases were subsequently consolidated and a briefing schedule was set. Under that schedule, Appellants' briefs were due by January 31, 2012; Appellees' briefs were due by February 15; and Appellants were provided ten days in which to file replies. (ECF No. 14). Mr. Jewell filed his brief on February 1, 2012. (ECF No. 17). Mr. Rood requested, and was granted, an extension of time in which to file his brief, then filed a timely brief on March 2.

(ECF No. 26).   Mr. Hepler, however, did not request an extension
or file a brief.

On February 10, 2012, Appellees filed the pending motion to
dismiss Mr. Hepler's appeal.   (ECF No. 21). Because Mr. Hepler
is proceeding *pro se*, the clerk transmitted a letter, on
February 15, advising him of his right to respond to this
potentially dispositive motion within seventeen days, warning
that his failure to do so in a timely manner could result in
dismissal of the case.   (ECF No. 23).   Over seventeen days have
passed since the date that letter was issued and Mr. Hepler has
failed to respond.

The relevant standard to be applied in this case was set
forth by the United States District Court for the District of
South Carolina in *In re Ryan*, 350 B.R. 632, 635 (D.S.C. 2006):

> To determine whether to dismiss a bankruptcy
> appeal for failure to timely file a brief,
> the district court must exercise its
> discretion under Bankruptcy Rule 8001(a)
> ["An appellant's failure to take any step
> other than timely filing a notice of appeal
> does not affect the validity of the appeal,
> but is ground only for such action as the
> district court . . . deems appropriate,
> which may include dismissal of the appeal"].
> *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir.
> 1995).   In applying Rule 8001(a), the
> district court must take one of the four
> steps outlined in *In re Serra Builders,
> Inc.*, 970 F.2d 1309 (4th Cir. 1992).
> Specifically, the court must: "(1) make a
> finding of bad faith or negligence; (2) give
> the appellant notice and an opportunity to
> explain the delay; (3) consider whether the

> delay had any possible prejudicial effect on
> the other parties; or (4) indicate that it
> considered the impact of the sanction and
> available alternatives," keeping in mind
> that dismissal is a "harsh sanction which
> the district court must not impose lightly."
> *Id*. at 1311.   Proper application of the
> *Serra* test requires the court to consider
> and balance all relevant factors.   The
> court's exercise of its discretion without
> considering and balancing all relevant
> factors amounts to an abuse of discretion.
> *See James v. Jacobson*, 6 F.3d 233, 239 (4th
> Cir. 1993).

(internal footnote omitted).

Here, Mr. Hepler was provided notice of the filing deadlines and his failure to file a brief or to request an extension of time in which to do so can only be viewed as negligence.   Moreover, he had an opportunity to explain his failure in this regard by opposing Appellees' motion to dismiss; in fact, he was specifically advised of his right to do so by the court clerk.   Nevertheless, he again failed to respond. Under these circumstances, and considering the factors set forth in *In re Serra Builders*, the court finds that dismissal of his appeal is appropriate.

Accordingly, it is this 6th day of March, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.    The   motion   to   dismiss   appeal   filed   by   Appellees Southern   Management   Corporation   Retirement   Trust   and   Gary   A. Rosen (ECF No. 21), BE, and the same hereby IS, GRANTED;

2.    The appeal filed by Appellant Nik Hepler BE, and the same hereby IS, DISMISSED; and

3.    The   clerk   is   directed   to   transmit   copies   of   this Memorandum  Opinion  and  Order  to  counsel  for  Appellees  and  Mr. Rood and directly to Mr. Hepler and Mr. Jewell.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge